Serita Rios, SBN# 246568
Law Office of Serita Rios
P.O. Box 688
Fresno, CA 93712-688
Telephone (559) 224-1800
Facsimile (559) 224-1806
serita@seritarioslaw.com

Attorney for Defendant JOSHUA DAVID HARRINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | Case No. 1:22-CR-00019-DAD-BAM |
| ) | |
| Plaintiff, ) | **STIPULATION REGARDING** |
| ) | **EXCLUDABLE TIME PERIODS UNDER** |
| vs. ) | **SPEEDY TRIAL ACT; AND FINDINGS** |
| ) | **AND ORDER** |
| JOSHUA DAVID HARRINGTON, ) | |
| ) | |
| Defendant. ) | |

This matter is set for status conference on June 8, 2022. As set forth below, the parties now move, by stipulation, to continue the status conference hearing to September 14, 2022.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice". Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the

**STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT**

-1-

discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, (E.D. Cal. May 13, 2020). This, previous, and subsequent General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable — General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from

pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.

## STIPULATION

1. By previous order, this matter was set for a status conference hearing on June 8, 2022.

2. Through this stipulation, defendant moves to continue the status conference hearing until September 14, 2022, and to exclude time between June 8, 2022, and September 14, 2022.

3. The parties agree and stipulate, and request that the Court find the following:

   a. The government has produced the discovery related to this case, either directly to counsel and/or made available for inspection and copying.

   b. Counsel for defendant desires additional time to complete a review of the discovery, consult with her client, conduct investigation and research, conduct plea negotiations, and to otherwise prepare for trial.

   c. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d. The government does not object to the continuance.

   e. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 8, 2022 to September 14, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§

**STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT**

3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED.**

Dated: May 31, 2022

/s/ Serita Rios
_____
**Serita Rios**
Attorney for Defendant

Dated: May 31, 2022

/s/ Kimberly Sanchez
_____
**Kimberly Sanchez**
Assistant U.S. Attorney

---

### ORDER

IT IS SO ORDERED that the status conference is continued from June 8, 2022, to **September 14, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **June 1, 2022**              /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE