PHILLIP A. TALBERT
United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSHUA DAVID HARRINGTON, <br><br> Defendant. | CASE NO. 1:22-CR-00019-ADA BAM <br><br> STIPULATION VACATE THE STATUS CONFERENCE, SET A CHANGE OF PLEA HEARING, AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER <br><br> DATE: January 11, 2023 <br> TIME: 1:00 p.m. <br> COURT: Hon. Barbara A. McAuliffe |

    This case is set for a status conference on January 11, 2023 in front of the Honorable Barbara A. McAluliffe, U.S. Magistrate Court Judge. The parties stipulate and request to vacate the status conference and set this matter for a change of plea hearing on February 6, 2023 at 8:30 a.m.

    On May 26, 2021, the Court issued General Order 631, which provided for a reopening of the courthouse in June 2021, recognized the continued public health emergency, continued to authorize video or teleconference court appearances in various cases, and noted the court's continued ability under the Coronavirus Aid, Relief, and Economic Security (CARES) Act (the "Act") to continue trials and other matters, excluding time under the Act. On June 27, 2022, the Court issued General Order 652, which "authorized the use of videoconference and teleconference technology in certain criminal proceedings under the in the Eastern District of California." This and previous General Orders highlight and were entered to address public health concerns related to COVID-19. Pursuant to F.R.Cr.P. 5.1(c)

and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the defendant is in custody," unless the defendant consents and there is a "showing of good cause", or if the defendant does not consent and there is a "showing that extraordinary circumstances exist and justice requires the delay."  Here, the defendant consents and there is good cause.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 631 and 652 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

1  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

2      In light of the societal context created by the foregoing, this Court should consider the following
3  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
4  justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date
5  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any
6  pretrial continuance must be "specifically limited in time").

**STIPULATION**

8      Plaintiff United States of America, by and through its counsel of record, and defendants, by and
9  through defendants' counsel of record, hereby stipulate as follows:

10      1.    The defendant signed a plea agreement and is prepared to change his plea to guilty.
11  February 6, 2023 is the next date on which the Court has law and motion calendar and that defense
12  counsel is available.

13      2.    By this stipulation, defendant now moves to vacate the January 11, 2023 status
14  conference and to set a change of plea hearing before the Honorable Ana de Alba, U.S. District Court
15  Judge on February 6, 2023, and to exclude time from January 11, 2023 to February 6, 2023 under Local
16  Code T4.

17      3.    The parties agree and stipulate, and request that the Court find the following:

18      a)    The government has represented that the discovery associated with this case
19  includes investigative reports, videos, photos, and related documents in electronic form.  All of
20  this discovery has been either produced directly to counsel and/or made available for inspection
21  and copying.

22      b)    The defendant requests to vacate the status conference and set a change of plea
23  hearing for February 6, 2023.

24      c)    The government does not object to the continuance.

25      d)    In addition to the public health concerns cited by the General Orders and
26  declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

ends-of-justice delay is particularly apt in this case because:

- Defendant's progressing to a change of plea hibeen inhibited from occurring sooner in part by the public health emergency.

e) Based on the above-stated findings, the ends of justice served by vacating the status conference and setting the case for a change of plea as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 11, 2023 to February 6, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

**[Remainder of page intentionally left blank.]**

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: December 20, 2022     PHILLIP A. TALBERT
                             United States Attorney

                             /s/ KIMBERLY A. SANCHEZ
                             KIMBERLY A. SANCHEZ
                             Assistant United States Attorney

Dated: December 20, 2022     /s/ Serita Rios
                             Attorney for Defendant
                             JOSHUA HARRINGTON

IT IS SO ORDERED.

   Dated:   December 20, 2022                    _____
                                                 UNITED STATES DISTRICT JUDGE